**Robert MARINO and Richard Catricala, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**Nos. 332, 333, Dockets 23897, 23898.**

United States Court of Appeals Second Circuit.

Argued May 10, 1956.

Decided June 6, 1956.

Jack Steinman, New York City (Diamond & Kreitman and Klonsky & Steinman, New York City, on the brief), for plaintiffs-appellants.

Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., and Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., and Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

## PER CURIAM.

■ Both plaintiff Robert Marino and defendant are appealing from an award of $18,000 made plaintiff as a result of personal injuries sustained through the negligent operation of a Post Office truck. At the time of the accident on July 18, 1950, Robert was a child about five years of age, and the trial developed a sharp conflict among the three medical experts for the plaintiff and the two for the defendant as to whether the plaintiff had sustained permanent organic brain damage. In his memorandum opinion, the trial judge carefully analyzes all this evidence to reach the conclusion that a speech impediment which Robert now has was proximately caused by the accident, but it was not proven that any other psychological or neurological conditions were so caused. These findings are far from clearly erroneous and effectively dispose of the grounds for plaintiff's appeal that the damages were inadequate.

■■ There remains the rather troublesome question raised by the government's appeal as to whether the award was excessive. In addition to the speech impediment, he sustained certain lacerations and minor contusions and abrasions, with pain and suffering and hospitalization for five days. The government urges that under the Federal Tort Claims Act, damages are determined by state law, 28 U.S.C. § 1346(b); Hatahley v. United States, 76 S.Ct. 745, and cites to us many decisions from the New York Court of Claims of lesser awards. These decisions do tend to suggest what seems apparent in any event, that the award is a generous one; but we do not see what more we can properly do with them, since every case is an individual one and general principles hardly settle awards for pain and suffering or for permanent speech impairment. Had the award been made by a jury with an eye to equities, rather than upon the black and white of strict findings pro and con, probably no one would question the result. While the judge did not have that freedom, we think he has well buttressed his result in his meticulous opinion, and that the ends of justice will not be served by upsetting what he has done.

■ In the same consolidated case, Richard Catricala, fifteen years old, injured in the same accident, appeals from an award to him of $8,000. But the court, on like careful analysis of the evidence, found that he had failed to prove that he had sustained a basal skull fracture, thus leaving the award to him a generous one on the evidence.

Affirmed.